UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDITH MAE MAY,

                Plaintiff,

v.                                             Case No. 21-cv-0555-bhl

FRANCESCA DETRANA,

                Defendant.

## DECISION AND ORDER

On October 20, 2021, Defendant Francesca Detrana filed a motion for summary judgment on the ground that Plaintiff Edith May failed to exhaust the available administrative remedies. Dkt. No. 18. The next day, the Court reminded May, who is representing herself, that under Civil L. R. 56(b)(2) her response materials were due on November 19, 2021. Dkt. No. 24. The Court also warned May that failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance with the local rules and the Court's order. At May's request, the Court extended her response deadline to January 18, 2022. The extended deadline has passed, and May did not oppose Defendant's motion.

The Court has reviewed Dr. Detrana's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Dr. Detrana and deemed true by the Court, the Court finds that May failed to exhaust the available administrative remedies before she initiated this lawsuit. As a result, Dr. Detrana is entitled to judgment as a matter of law

and her motion must be granted. Further, because May was allowed to proceed on a medical negligence claim against Dr. Detrana, the Court also allowed her to join John Doe Insurance Company as a defendant. Given that her claims against Dr. Detrana are being dismissed, the unidentified insurance company must also be dismissed. Finally, pursuant to Civil L. R. 56(b)(9), the Court finds that May's failure to comply with the requirements of Civil L. R. 56 is sufficient cause for the Court to grant Dr. Detrana's motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Dr. Detrana's motion for summary judgment (Dkt. No. 18) is **GRANTED**, the John Doe Insurance Company is **DISMISSED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.